## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SATISH K. DESHPANDE

Write the full name of each plaintiff.

_____CV_____

(Include case number if one has been assigned)

-against-

DENIS R. McDONOUGH,

SECRETARY,

DEPARTMENT OF VETERANS AFFAIRS

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

Do you want a jury trial?

☒ Yes    ☐ No

## EMPLOYMENT DISCRIMINATION COMPLAINT

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.





Rev. 3/24/17

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| SATISH | K | DESHPANDE |
|---|---|---|
| First Name | Middle Initial | Last Name |

28 NELSON ROAD
_____
Street Address

| WESTCHESTER, SCARSDALE | NEW YORK | 10583 |
|---|---|---|
| County, City | State | Zip Code |

| 914-844-4740 | GENTLEMANOF2006@GMAIL.COM |
|---|---|
| Telephone Number | Email Address (if available) |

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:     **DENIS R. McDONOUGH**
_____
Name
OFFICE OF GENERAL COUNSEL (024),  VETERANS AFFAIRS, 810 VERMONT AVE., N.W
_____
Address where defendant may be served

| WASHINGTON | DC | 20013 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:
_____
Name

_____
Address where defendant may be served

| | | |
|---|---|---|
| County, City | State | Zip Code |

Page 2

Defendant 3:

_____

Name

_____

Address where defendant may be served

_____

County, City                    State              Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

Name

## VA HUDSON VALLEY HEALTHCARE SYSTEM

Address

## MONTROSE              NEW YORK              10548

County, City                    State              Zip Code

## III.   CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below
that apply in your case):

☐   **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for
employment discrimination on the basis of race, color, religion, sex, or national
origin

The defendant discriminated against me because of my (check only those that
apply and explain):

☒   race:          RETALIATION FOR FILING A DISRIMINATION CASE

☐   color:         _____

☐   religion:      _____

☐   sex:           _____

☐   national origin:  _____

☐ **42 U.S.C. § 1981,** for intentional employment discrimination on the basis of race

      My race is: _____

☐ **Age Discrimination in Employment Act of 1967,** 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

      I was born in the year: _____

☐ **Rehabilitation Act of 1973,** 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

      My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990,** 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

      My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993,** 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law,** N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law,** N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.   STATEMENT OF CLAIM

### A.   Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☒   did not hire me

☐   terminated my employment

☐   did not promote me

☐   did not accommodate my disability

☐   provided me with terms and conditions of employment different from those of similar employees

☐   retaliated against me

☐   harassed me or created a hostile work environment

☒   other (specify):  ___Retaliation for filing a Discrimination case against a former employer___

### B.   Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.
Explanation attached

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

To be attached to Page 5 of the Complaint under IV STATEMNET OF CLAIM, B. Facts.

## Explanation of Facts supporting Plaintiff's Claim and events since his filing of Charge with EEOC

The plaintiff, (the then Complainant) applied for a position as a Medical Officer of the Day (MOD) at the VA healthcare system in Montrose in 2012–2013.

During the hiring process of interviewing, the plaintiff disclosed to his would be supervisor, Dr. Benninger, that he had malpractice cases which were dismissed as well as about a case that was settled and was under investigation by the NY State Office of Professional Conduct for Quality issues in the settled malpractice case.

At the end of the interview Dr. Benninger commented "when you have several years of practice, one is bound to have some malpractice cases, and even I had some of my own' and asked the Plaintiff to move forward with the hiring process by applying for hospital privileges.

A few months later Dr. Benninger called the plaintiff and told him that his supervisor Dr. Malina who was the Chief of Staff had raised 2 concerns about plaintiff's hiring, the first being his malpractice cases and the second being his filing of a discrimination lawsuit against his former employer. However, Dr. Benninger continued to encourage the plaintiff that things could change in future and he be updated with a result of the New York State Department of professional conduct investigation.

A few months later the plaintiff submitted the Report of the investigation of his malpractice case by the Office of Professional Conduct to the effect that there was no quality issue at all. The only suggestion from the office of professional conduct was to improve his handwriting.

Subsequently the plaintiff made several attempts to pursue his candidature for employment with VA to Dr. Benninger through emails and documentation, who opined that he was willing to hire the plaintiff but it was ultimately up to the Chief of Staff Dr. Malina to approve.

Plaintiff's efforts to seek a decision by Dr. Malina did not succeed despite several attempts. Finally, the plaintiff approached the NY state Senator, Ms. Kristine Gillibrand. In response to the intervention by the Senator, Dr. Malina sent the Plaintiff a letter on July 28, 2013, declining him a position.

On or about April 5, 2013, the plaintiff lodged a complaint of employment discrimination and retaliation with the Veterans Administration for discrimination based on age as well as retaliation for having filed a discrimination case against his former employer.

Subsequently EEOC proceedings began and the Department of Veterans Affairs, the agency made a motion for either Summary Dismissal or Summary Judgment. On March 25, 2015, the Administrative Judge issued a judgment in favor of the agency.

The plaintiff then appealed against that judgment to the office of Federal Operations which overturned the Administrative Judge's decision and sent the case back to the Administrative Law Judge for further proceedings.

Subsequently the agency made a motion for summary judgment without hearing which the Administrative Judge granted to the agency, which in turn gave its final order on January 5, 2021, implementing that AJ's Order.

On January 26, 2021, the plaintiff gave Notice of Appeal to the Office of Federal Operations against Agency's final decision.

On June 30, 2022, the Office of Federal Operations gave its decision by affirming the agencies final decision adopting the Administrative Judge's finding of no discrimination.

This complaint is being filed in the Federal Court now, within the 90 days of receipt of that decision.

000049

**SATISH DESHPANDE**
**200H-0620-2013102096**

**DETAILS FOR ITEM # 9 OF VA FORM 4939 ( 4 pages)**

I am an Internist who was interviewed and offered a position as a Physician (Medical Officer) in VA Hudson Valley Health System, New York in the summer of 2011 by Dr. George Benninger, and subsequently I was asked to apply for hospital privileges through VetPro. I did apply for hospital privileges promptly in July 2011. The contact person was Dr. George Benninger, M.D, who is the Medicine Care Line Manager.

After a month or so when I did not hear from VA, I called Dr. Benninger who mentioned to me that he was comfortable to approve my privileges and had approved but it needed to be approved by the Chief of Staff who is Dr. Joanne Malina, M.D. (hereafter "Dr Malina" to mean both VA and Dr. Malina). However, he mentioned that Dr. Malina was concerned about two things.

The first was my malpractice history and the second was that I had sued my ex-employer for racial and ethnic discrimination. Nonetheless, he mentioned that things could change and he would continue to try and be in touch with me.

In August of 2011, I informed Dr. Benninger that the New York State Department of Health (NYSDOH) had informed me about its decision to investigate my professional conduct with respect to a malpractice case that was settled. He asked me to get back to him once the decision of that investigation was over.

In January of 2012, the NYSDOH closed its investigation with no action whatsoever. I informed Dr. Benninger about this clean bill of professional conduct by the NYSDOH. He was happy and told me that he would represent my candidature to Dr. Malina again with that closure letter from OPMC. (Exhibit 1)

A few months later Dr. Benninger conveyed to me, in response to my request that Dr. Malina had not yet signed on my application and until she signed he could not do anything more.

Subsequently I faxed the letter, I am attaching now, to Dr. Malina. (Exhibit 2) When I did not hear from her for about 3 weeks I sent that letter via certified mail. When I called her secretary after a few days, her secretary told me that there was nothing to be done about that letter.

Subsequently I sought the help of U.S. Senator from my area, Ms. Kristen Gillibrand, to obtain a response from Dr. Malina. A few days later in January 2013, I got a letter from Dr. Malina stating that she was unable to offer me a position. (Exhibit 3)

1

**SATISH DESHPANDE**
200H-0620-2013102096

However, the Senator's office was concerned about retaliation by Dr. Malina and hence Senator's office sought an explanation from Dr. Malina once again. Dr. Malina's second response is also attached. (Exhibit 4)

However, the truth is that Dr. Malina has used my malpractice history as a false pretext to retaliate against me for my prior complaints of racial and ethnic discrimination by my previous employer. It is my firm belief that Dr. Malina also has discriminated against me because of my age of 58 years at the time of application.

Reasons for my belief and facts are:

1. My malpractice history consists of total of 7 cases. Out of those 7, all claims against me in 5 cases were dismissed by the Court upon plaintiff's request.
2. Only one case is open and it is for a "fall" in a nursing home, for which physicians like me have no role to play. It is a nursing responsibility and the nursing home's responsibility. There was no "medical treatment or diagnosis" at issue. In fact, this case came up much later in the course of events. There was along period of time during which I did not have even this pending case.
3. The only case that was settled for $525,000 was investigated by the Office of Professional Medical Conduct (OPMC) of the Department of Health of New York and that investigation was closed with "No Action". This confirmed that there was no quality concern at all about my care to the Plaintiff in that case.
4. There is no higher professional body than the OPMC and hence its concluded investigation with no action confirmed that I had at least met full professional standard in treating the Plaintiff.
5. Such a conclusion from OPMC must put to rest all concerns about my care with respect to that settled malpractice case.
6. However, Dr. Malina continues to try and make an issue out of that case.
7. Dr Malina has never expressed to any one at any time as to what exactly and how precisely that settled malpractice case has reflected adversely about my professional practice.
8. Dr. Malina, further more had evidence from experts that my performance in that case did not fall below the standard of care.
9. Dr. Malina failed to follow the established policy and procedures in evaluating my candidature and /or taking an adverse action against my candidature.
10. Dr. Malina did not follow the established policy and procedures by not submitting my application to the credentialing body of the facility.
11. Dr. Malina's actions contradicted Dr. Benninger's views about my malpractice history.

SATISH DESHPANDE
200H-0620-2013102096

12. VA does not have a policy of denying employment to a physician with a history of malpractice cases.
13. According to the guidelines in place then, malpractice cases with settlement of $525,000 did not even needed to be presented to a special body for evaluation.
14. Dr. Malina's year-long refusal to sign off on the privilege application, which signature would have secured me the desired position and her refusal to respond my numerous requests speak of her hidden fears that her retaliatory and discriminatory intentions would be unearthed and/or challenged.

However, Dr. Benninger, the Care Line Manager throughout this process had expressed many times that he felt very comfortable to hire me and they were always looking for physicians of my specialty to hire.
15. Most importantly, I was offered a position and hospital privileges in Stamford Hospital with the same history of malpractice settlement for $525,000, in 2010.
16. Stamford Hospital subsequently renewed my employment and hospital privileges for another 2 years from July 2011.
17. My performance as an Internist has been at least satisfactory at all times.
18. I have never been disciplined, sanctioned, or censured or the subject of any disciplinary action by any licensing body.
19. It is my belief that since July 2011, internists of younger age have been hired by Dr. Malina.
20. Dr. Malina had full access to all details of my complaints of discrimination, my date of birth and all the details of all malpractice legal documents including medical records of plaintiffs.
21. Lastly, but critically, Dr Malina made a bare bone concluding statement that other applicants "deemed better suited" for that position.
22. Her "deeming" and "better suited" are not facts based on any meaningful and objective evaluation and comparison.
23. I have over 20 years of experience in a Hospital, Nursing Home and Office practice setting in New York.
24. I have had Military experience for over 5 years as a Physician with the rank of "Captain" in the Army Medical Corps.
25. Yet if Dr Malina felt other applicants deemed better suited because they were either younger than me and/or had not complained about discrimination, then I agree with her to that extent.
26. However, the burden is on Dr. Malina now, to prove at the very least, that other applicants she hired had (1) experience of more than 5 years as Military physicians and (2) more than 20 years of experience in this country, if discrimination and reprisal were not the root cause for not hiring me.

48

3

000052

**SATISH DESHPANDE**
**200H-0620-2013102096**

27. Further more, Dr. Malina has a greater burden to show evidence that other applicants she hired were "better suited" than me by indicating what specific criteria, permitted by VA, were applied to arrive at that conclusion. Additionally, she needs to evince how those specific criteria proved that my candidature was inferior to those whom she hired.

Not withstanding any of the above, Dr. Malina's action of not offering me a position of employment was based partly on my age of 58 years and partly on my prior complaints to the EEOC and the Courts against my prior employer for an unlawful discrimination.

However, Dr. Malina used my malpractice history, which by even the widest stretch of imagination, would not lead to a conclusion of substandard care to my patients, as a false pretext to retaliate against me for my prior complaints of ethnic and racial discrimination and to discriminate me because of my age.

As a proximate result of Dr. Malina's illegal actions towards me, I have suffered a loss in earnings and other employment benefits.

As a further proximate result of Dr. Malina's illegal actions towards me, I have suffered mental anguish and emotional injury.

As a further proximate result of Dr. Malina's illegal actions towards me, I have been unable to apply to and obtain comparable employment at any other VA Hospital in the country and thereby continue to suffer economic losses.

Dr. Malina's illegal actions towards me were willful, outrageous and malicious and were intended to injure me, and were done with reckless indifference to my protected rights, entitling me to punitive and/or liquidated damages.

4

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

    ☒   Yes (Please attach a copy of the charge to this complaint.)

        When did you file your charge?     04/05/2013

    ☐   No

Have you received a Notice of Right to Sue from the EEOC?

    ☒   Yes (Please attach a copy of the Notice of Right to Sue.)

        What is the date on the Notice?    June 30, 2022 ( Decision)

        When did you receive the Notice?    july 01, 2022

    ☐   No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

    ☐   direct the defendant to hire me

    ☐   direct the defendant to re-employ me

    ☐   direct the defendant to promote me

    ☐   direct the defendant to reasonably accommodate my religion

    ☐   direct the defendant to reasonably accommodate my disability

    ☒   direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)
    $ 150,000 for loss of earnings

EX. A4, 7 pgs.

000048

**COMPLAINT CASE NUMBER:**

OMB NO. 2900-0716
RESPONDENT BURDEN: 30 Min.

**VA  Department of Veterans Affairs**

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

*Read the instructions on the reverse side of this form carefully before completing the front of this form.*

| 1. NAME *(Last, First, middle initial) (Please print)* | 3. MAILING ADDRESS | 4a. WORK TELEPHONE NUMBER *(Include Area Code)* |
|---|---|---|
| DESHPANDE, SATISH, K | 28 NELSON ROAD) SCARSDALE, NY 10583 | 914 844 4740 |
| **2. EMAIL ADDRESS** | | **4b. HOME TELEPHONE NUMBER** *(Include Area Code)* |
| deshpande1000@yahoo.com | | 914 844 4740 |

| 5. ARE YOU: | 6a. JOB TITLE, SERIES AND GRADE | 7. NAME AND ADDRESS OF VA FACILITY WHERE DISCRIMINATION OCCURRED |
|---|---|---|
| ☐ A VA EMPLOYEE | MEDICAL OFFICER | HUDSON VALLEY HEALTH CARE SYSTEM |
| ☒ AN APPLICANT FOR EMPLOYMENT | **6b. SERVICE/SECTION/PRODUCT LINE** | P.O. BOX 100 |
| ☐ A FORMER VA EMPLOYEE | MEDICINE | MONTROSE, NEW YORK, 10548 |

**NOTE!** For each employment related matter that you believe was discriminatory you must list the bases *(list one or more of the following):* Race *(Specify)*, Color *(Specify)*, Religion *(Specify)*, Sex *(Male or Female)*, National Origin *(Specify)*, Age *(Provide date of birth)*, Disability *(Specify)*, Genetic Information, and Reprisal for prior EEO activity or having opposed discrimination.

| 8. BASIS | 9. CLAIM(S) *(When employment related claim(s) - personnel action(s), incident(s), or event(s) caused you to file this complaint? Briefly describe what happened below. Use an additional sheet of paper if necessary. You should not include information that violates the Privacy Act of 1974 and the Health Insurance Portability and Accountability Act (HIPAA). Some examples are patient medical records, personal records of other VA employees, etc.)* | 10. DATE OF OCCURRENCE *(Include the most recent date(s))* |
|---|---|---|
| 1. REPRISAL FOR PRIOR ACTIVITY OF OPPOSING DISCRIMINATION | PLEASE SEE ATTACHED DETAILS OF 4 PAGES <br><br> DATE FILED: 4/7/13 Cas <br><br> BASED ON: e-mail | JANUARY 28, 2013 |
| 2. AGE OF 58 YEARS | PLEASE SEE ATTACHED DETAILS OF 4 PAGES (AS ABOVE) | JANUARY 28, 2013 |

| 11. REMEDIES SOUGHT *(Use an additional sheet of paper if necessary.)* |
|---|
| TO BE HIRED FOR THE APPLIED POSITION OR FINANCIAL COMPENSATION. |

| 12a. DO YOU HAVE A REPRESENTATIVE? | 12c. PROVIDE THE NAME AND ADDRESS OF YOUR REPRESENTATIVE | 12d. TELEPHONE NUMBER *(Include Area Code)* |
|---|---|---|
| ☐ YES   ☒ NO | | |
| **12b. IF "YES," IS HE OR SHE AN ATTORNEY?** | | **12e. EMAIL ADDRESS** |
| ☐ YES   ☐ NO | | |

| 13a. HAVE YOU CONTACTED AN EEO COUNSELOR? | 13b. NAME OF EEO COUNSELOR | 13c. DATE OF INITIAL CONTACT WITH EEO COUNSELOR |
|---|---|---|
| ☒ YES   ☐ NO | MR. LEROY HILL | MARCH 05, 2013 |

14. If you contacted an EEO Counselor more than 45 calendar days after the Date(s) of Occurrence, listed in Item 10, or if this complaint is filed more than 15 calendar days after receipt of a Notice of Right to File a Discrimination Complaint, you must explain why you were untimely in seeking EEO counseling or untimely in filing a complaint. *(Use an additional sheet of paper, if necessary.)*

| 15a. HAVE YOU FILED A UNION GRIEVANCE ON ANY CLAIM(S) LISTED ABOVE? | 15b. IF "YES," LIST THE CLAIM(S) AND DATE GRIEVANCE FILED | 16a. HAVE YOU FILED AN APPEAL WITH THE MERIT SYSTEM PROTECTION BOARD (MSPB) ON ANY OF THE CLAIMS LISTED ABOVE? | 16b. IF "YES," LIST THE ISSUE(S) AND DATE MSPB APPEAL FILED. |
|---|---|---|---|
| ☐ YES   ☒ NO | | ☐ YES   ☐ NO | |
| **17a. HAVE YOU FILED THIS COMPLAINT WITH ANYONE ELSE?** | **17b. IF "YES," PROVIDE THE NAME AND ADDRESS** | | |
| ☐ YES   ☒ NO | | REVIEWED/REDACTED | |

| 18. SIGNATURE OF COMPLAINANT *(Do not print)* | 19. DATE |
|---|---|
| Deshpande | OCT 24 2018   04/05/2013 |

VA FORM AUG 2012 **4939**   SUPERSEDES VA FORM 4939, JAN 2012, WHICH SHOULD NOT BE USED.

W. Jenkins

45

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| 9/12/2022 | Deshpande   Pro Se. |
| Dated | Plaintiff's Signature |
| SATISH                    K | DESHPANDE |
| First Name          Middle Initial | Last Name |
| 28 NELSON ROAD | |
| Street Address | |
| WESTCHESTER, SCARSDALE, | NEW YORK          10583 |
| County, City | State          Zip Code |
| 9148444740 | GENTLEMANOF2006@GMAIL.COM |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Satish K. Deshpande, a/k/a
Michal G.,[1]
Complainant,

v.

Denis R. McDonough,
Secretary,
Department of Veterans Affairs,
Agency.

Appeal No. 2021001945

Hearing No. 520-2017-00663X

Agency No. 200H-0620-2013102096

## DECISION

On January 26, 2021, Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's January 5, 2021, final order concerning his equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq.

## BACKGROUND

At the time of events giving rise to this complaint, Complainant was an applicant for a physician position as a Medical Officer of the Day (MOD) at the VA Hudson Valley Healthcare System in Montrose, New York. The MOD position is not a staff position, but a fee-basis position that covers the VA hospital on nights and weekends intermittently.

Chief of Staff testified they are constantly recruiting for these positions in order to maintain a pool of MODs for coverage. She stated that the MOD is the only physician working the off-tour so the Agency needs to have absolute confidence in that person's capabilities.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2021001945

Complainant asserts that any concerns about malpractice history was pretext and, instead, the Chief of Staff was actually worried about a discrimination lawsuit Complainant filed against his former employee.

The Agency did not file a brief on appeal.

<u>ANALYSIS AND FINDINGS</u>

The Commission's regulations allow an AJ to issue a decision without a hearing when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). This regulation is patterned after the summary judgment procedure set forth in Rule 56 of the Federal Rules of Civil Procedure. The U.S. Supreme Court has held that summary judgment is appropriate where a court determines that, given the substantive legal and evidentiary standards that apply to the case, there exists no genuine issue of material fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). In ruling on a motion for summary judgment, a court's function is not to weigh the evidence but rather to determine whether there are genuine issues for trial. <u>Id.</u> at 249. The evidence of the non-moving party must be believed at the summary judgment stage and all justifiable inferences must be drawn in the non-moving party's favor. <u>Id.</u> at 255. An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. <u>Celotex v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Oliver v. Digital Equip. Corp.</u>, 846 F.2d 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. If a case can only be resolved by weighing conflicting evidence, issuing a decision without holding a hearing is not appropriate.

To successfully oppose a decision by summary judgment, a complainant must identify, with specificity, facts in dispute either within the record or by producing further supporting evidence and must further establish that such facts are material under applicable law. Here, Complainant has provided specific facts he believes are in dispute and cited to evidence he believes supports this contention. However, based on the record before us, these facts are either not in dispute, not material, and/or the evidence Complainant cites relies on his own subjective beliefs. The Commission has found that mere allegations, speculations and conclusory statements, without more, are insufficient to create a genuine issue of material fact. <u>See Lee v. Dep't of Homeland Sec.</u>, EEOC Appeal No 0520110581 (Jan. 12, 2012), citing to <u>Baker v. U.S. Postal Serv.</u>, EEOC Appeal No. 01981962 (June 26, 2001), <u>request for reconsideration denied</u>, EEOC Request No. 05A10914 (Oct. 1, 2001). For the reasons discussed below, we find that, even construing any inferences raised by the undisputed facts in favor of Complainant, a reasonable fact-finder could not find in his favor.

A claim of disparate treatment based on indirect evidence is examined under the three-part analysis first enunciated in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). For Complainant to prevail, he or she must first establish a prima facie case of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination, i.e., that a prohibited consideration was a factor in the adverse employment action. <u>McDonnell Douglas</u>, 411 U.S. at 802; <u>Furnco Construction Corp. v. Waters</u>, 438 U.S. 567 (1978).

5                                                                    2021001945

The question is not whether the agency made the best, or even a sound, business decision; it is whether the real reason is discrimination. See, e.g., Chavez v. U.S. Postal Serv., EEOC Appeal No. 0120055246 (Jan. 5, 2007); see also Carson v. Bethlehem Steel Corporation, 82 F.3d 157, 159 (7th Cir. 1982) (noting that "the question is not whether the employer made the best, or even a sound, business decision; it is whether the real reason [was discriminatory]"). Without proof of a demonstrably discriminatory motive, the wisdom of the Agency's business decisions may not be second-guessed. Mendez v. U.S. Postal Serv., EEOC Appeal No. 0120090593 (May 20, 2010). Complainant has not shown that the Agency was motivated by discriminatory animus or by his prior EEO activity.

## CONCLUSION

Based on a thorough review of the record and the contentions on appeal, including those not specifically addressed herein, we AFFIRM the Agency's final decision adopting the AJ's finding of no discrimination.

## STATEMENT OF RIGHTS - ON APPEAL

## RECONSIDERATION (M0920)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration**. A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

Complainant should submit his or her request for reconsideration, and any statement or brief in support of his or her request, via the EEOC Public Portal, which can be found at https://publicportal.eeoc.gov/Portal/Login.aspx

Alternatively, Complainant can submit his or her request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507.

7                                        2021001945

Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

June 30, 2022
Date

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

UNITED STATES
POSTAL SERVICE ®

PRIORITY®
MAIL

U.S. POSTAGE PAID
PME
EASTCHESTER, NY
10709
SEP 22
AMOUNT
$8.70
R2304N117056

PS00000133100

TRACKED ■ INSURED

EP14 September 2021
OD: 15 x 11.625

USPS.COM/PICKUP

To schedule free Package Pickup,
scan the QR code.

MAILING ENVELOPE
FOR DOMESTIC AND INTERNATIONAL USE

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

EXPECTED DELIVERY DAY: 09/17/22

USPS TRACKING® #

9505 5129 8556 2259 2834 89

FROM:

USA!
SDNY

Satish Deshpande
28 Nelson Road
Scansdale, NY 10583

RECEIVED
SEP 19 2022
U.S.D.C.
W.P.

RECEIVED
SEP 19 2022
PRO SE OFFICE

TO:

Clerk of Court
Southern District of New York
300 Quarropas Street
White Plains
NY 10601-4150.












VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

DuPont™ Tyvek®
Protect What's Inside.™

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP14 © U.S. Postal Service; March 2020; All rights reserved.

PLASTIC
BAG