UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SATISH DESHPANDE, M.D.,

                Plaintiff,

    -against-

DENIS R. MCDONOUGH, SECRETARY OF THE
U.S. DEPARTMENT OF VETERANS AFFAIRS,

                Defendant.

------------------------------------------------------------X

**OPINION AND ORDER**

22 Civ. 8097 (JCM)

      Plaintiff Satish K. Deshpande, M.D. ("Dr. Deshpande" or "Plaintiff"), proceeding *pro se*, commenced this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, against Defendant Denis R. McDonough, Secretary of the U.S. Department of Veterans Affairs ("McDonough" or "Defendant"), alleging employment discrimination. (Docket No. 27). Presently before the Court is Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Motion"). (Docket No. 39). Plaintiff opposed the Motion, (Docket No. 48) ("Opposition"), and Defendant replied, (Docket No. 52) ("Reply"). For the reasons set forth below, Defendant's Motion is granted.[1]

**I. BACKGROUND**

**A. Relevant Facts**[2]

      The following facts, which are based on the evidence submitted in support of Defendant's Motion, as well as the evidence submitted by Plaintiff in support of his Opposition, are construed

---

[1] This action is before the Court for all purposes on the consent of the parties, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docket No. 35).

[2] The facts are taken from Defendant's Statement of Material Facts submitted pursuant to Local Rule 56.1 of the United States District Courts for the Southern and Eastern Districts of New York, ("Def. 56.1") (Docket No. 41);

in the light most favorable to Plaintiff as the party opposing summary judgment. *See Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 30 (2d Cir. 2018). Any disputes of material fact are noted.

Plaintiff is a medical doctor. (Def. 56.1 ¶ 1; Pl. 56.1 Resp. ¶ 1). Between 2002 and 2012, he was named as a defendant in seven medical malpractice lawsuits, including a wrongful death action. (Def. 56.1 ¶¶ 2, 5; Pl. 56.1 Resp. ¶¶ 2, 5). Several of the lawsuits were settled by other defendants, without Plaintiff personally contributing. (Def. 56.1 ¶ 3; Pl. 56.1 ¶ 3). However, in 2007, Plaintiff elected to settle the wrongful death action shortly before trial for $525,000. (Def. 56.1 ¶ 4; Pl. 56.1 Resp. ¶ 4). In that case, a former patient's estate alleged that Plaintiff failed to properly treat the patient's blood pressure and stroke, resulting in her death. (Def. 56.1 ¶ 5; Pl. 56.1 Resp. ¶ 5). The New York State Department of Health's Office of Professional Medical Conduct ("OPMC") commenced an investigation into this case after the lawsuit settled. (Def. 56.1 ¶ 6; Pl. 56.1 Resp. ¶ 6). The OPMC issued a closure letter in December 2011, stating it did not anticipate taking action against Plaintiff. (Def. 56.1 ¶ 7; Pl. 56.1 Resp. ¶ 7). However, the OPMC reminded Plaintiff about the importance of "maintain[ing] a legible medical record" that "accurately reflect[s] the evaluation and treatment [he] rendered to [his] patients." (Def. 56.1 ¶ 7; Pl. 56.1 Resp. ¶ 7).

Plaintiff also had a history of filing lawsuits against his employers. In 2005, he sued Jamaica Hospital and other defendants for discrimination and retaliation. (Def. 56.1 ¶ 9; Pl. 56.1 Resp. ¶ 9). In 2007, Plaintiff sued Jamaica Hospital and the other defendants again, claiming they retaliated against him for bringing the 2005 case. (Def. 56.1 ¶ 10; Pl. 56.1 Resp. ¶ 10).

In 2010, Plaintiff started working full-time at Stamford Hospital in Connecticut, earning approximately $300,000 per year. (Def. 56.1 ¶ 11; Pl. 56.1 Resp. ¶ 11). In 2011, he applied for a

---

Plaintiff's Response to Defendant's 56.1 Statement of Material Facts, ("Pl. 56.1 Resp.") (Docket No. 49); and the exhibits submitted by the parties in support of their statements.

Medical Officer of the Day ("MOD") position with the Veterans Affairs Hudson Valley Health System ("VA"), where he would "moonlight[]," working nights and weekends for an hourly wage without benefits, to supplement his income. (Def. 56.1 ¶¶ 12-14; Pl. 56.1 Resp. ¶¶ 12-14). Dr. George Benninger ("Dr. Benninger"), the VA's hospital line manager, interviewed Plaintiff for this position and found the interview "satisfactory." (Def. 56.1 ¶¶ 15-16; Pl. 56.1 Resp. ¶¶ 15-16). Plaintiff claims that he informed Dr. Benninger about the malpractice cases against him, (Pl. 56.1 Resp. ¶ 16), but Defendant maintains that Dr. Benninger learned about them later, (Def. 56.1 ¶ 16). Nevertheless, the parties agree that Dr. Benninger thought that "the number of cases against Plaintiff was 'excessive.'" (Def. 56.1 ¶ 17; Pl. 56.1 Resp. ¶ 17).

Dr. Joanne Malina ("Dr. Malina"), the Chief of Staff at the VA, and the individual who had final decision-making authority to hire Plaintiff, told Dr. Benninger that she could not hire Plaintiff due to his history of malpractice cases. (Def. 56.1 ¶¶ 20, 24). Dr. Malina had never hired an MOD applicant with as extensive a malpractice history as Plaintiff's. (Def. 56.1 ¶¶ 21-22). However, Plaintiff argues that Dr. Benninger also had a history of malpractice cases and the hospital's handbook contains a procedure for evaluating malpractice histories. (Pl. 56.1 Resp. ¶ 22). Defendant counters that the MODs hired by the VA between 2012 and 2013 had no history of medical malpractice cases. (Def. 56.1 ¶ 23; Docket No. 42-6 at 2[3]). Plaintiff disputes this fact, but notes that it is "[f]or lack of full information," (Pl. 56.1 Resp. ¶ 23).

Additionally, Defendant states that Dr. Malina was not aware of Plaintiff's prior employment discrimination cases when she evaluated his MOD application. (Def. 56.1 ¶ 26). However, Plaintiff maintains that Dr. Benninger informed him that Dr. Malina had two concerns – Plaintiff's malpractice history and the discrimination lawsuits he filed against his former

---

[3] All page number citations herein refer to the page number assigned upon electronic filing.

employer. (Def. 56.1 ¶ 25; Pl. 56.1 Resp. ¶¶ 24-25). Plaintiff also disputes Dr. Malina's role in the hiring process. (Pl. 56.1 Resp. ¶ 20).

After Dr. Benninger notified Plaintiff that the VA did not intend to hire him, Plaintiff sent Dr. Malina a letter in September 2012, reiterating his interest in the position and addressing Dr. Malina's "concern" regarding his malpractice cases. (Def. 56.1 ¶¶ 28-29; Pl. 56.1 Resp. ¶¶ 28-29; Docket No. 42-7). This letter makes no reference to any concerns about his prior discrimination lawsuits. (Def. 56.1 ¶ 29; Pl. 56.1 Resp. ¶ 29; Docket No. 42-7). When Dr. Malina did not respond, Plaintiff contacted the office of Senator Kirsten Gillibrand for assistance. (Def. 56.1 ¶ 30; Pl. 56.1 Resp. ¶ 30). In January 2013, Dr. Malina sent Plaintiff a letter, informing him that he was not being offered the MOD position. (Def. 56.1 ¶ 31; Pl. 56.1 Resp. ¶ 31; Docket No. 42-8). In February 2013, Dr. Malina sent Senator Gillibrand a letter stating that (1) the VA has a stringent anti-discrimination policy; (2) there were no discriminatory reasons underlying the decision not to hire Plaintiff; (3) Plaintiff had been involved in multiple medical practice lawsuits; and (4) the applicants the VA hired were better suited for the position. (Def. 56.1 ¶¶ 32-33; Pl. 56.1 Resp. ¶¶ 32-33; Docket No. 42-9).

**B. Procedural History**

Plaintiff filed a complaint before the Equal Employment Opportunity Commission ("EEOC") in April 2013. (Def. 56.1 ¶ 34; Pl. 56.1 Resp. ¶ 34). In June 2022, the EEOC issued a decision finding that there was no evidence that Plaintiff's non-selection was motivated by discrimination or retaliation. (Def. 56.1 ¶ 35; Pl. 56.1 Resp. ¶ 35). Plaintiff commenced this lawsuit less than three months later. (Def. 56.1 ¶ 36; Pl. 56.1 Resp. ¶ 36).

On March 11, 2024, Defendant filed the Motion, (Docket No. 39), accompanied by a memorandum of law in support, (Docket No. 40), a Statement of Material Facts pursuant to

Local Civil Rule 56.1, (Docket No. 41), and a Declaration of Mark Osmond, dated March 11, 2024, (Docket No. 42). Plaintiff filed his Opposition on June 10, 2024, (Docket No. 48), which included his response to Defendant's Rule 56.1 Statement of Material Facts, (Docket No. 49), a Declaration of Satish K. Deshpande, dated June 6, 2024, (Docket No. 50), and an exhibit, (Docket No. 51). Defendant filed a Reply on July 1, 2024. (Docket No. 52).

## II. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, the Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to a material fact "exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cnty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material if it might affect the outcome of the suit under the governing law." *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009) (internal quotations and citations omitted); *see also Casalino v. N.Y. State Catholic Health Plan, Inc.*, No. 09 Civ. 2583 (LAP), 2012 WL 1079943, at *6 (S.D.N.Y. Mar. 30, 2012).[4]

In reviewing a motion for summary judgment, the Court "must draw all reasonable inferences in favor of the nonmoving party" and "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000). That said, the Court may not weigh the evidence or

---

[4] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendant's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel must provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the court and were not previously cited by any party.").

determine the truth of the matter, but rather conducts "the threshold inquiry of determining whether there is the need for a trial." *Anderson*, 477 U.S. at 250. The moving party has the initial burden of showing the absence of any genuine issue of material fact. *See Celotex*, 477 U.S., at 323. Under federal law, the moving party may meet this burden by pointing to the absence of evidence to support an essential element of the non-moving claim. *See Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 F. App'x 11, 13 (2d Cir. 2008) (summary order); *see also Hughes v. U.S.*, No. 12 Civ. 5109 (CM), 2014 WL 929837, at *4 (S.D.N.Y. Mar. 7, 2014).

Once the moving party has met its initial burden, the burden shifts to the non-moving party to "present evidence sufficient to satisfy every element of the claim." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). "The non-moving party is required to 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial,'" *id.* (quoting *Celotex*, 477 U.S. at 324), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In doing so, the plaintiff "may not rely on conclusory allegations or unsubstantiated speculation . . . but must support the existence of an alleged dispute with specific citation to the record materials." *Hughes*, 2014 WL 929837, at *3 (internal citations and quotations omitted); *see also* Fed. R. Civ. P. 56(c). Additionally, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. If the non-moving party fails to establish the existence of an essential element of the case on which it bears the burden of proof at trial, summary judgment must be granted. *See Celotex*, 477 U.S. at 322-23.

In the Southern District of New York, the party moving for summary judgment must submit a short and concise statement of material facts it contends are undisputed, supported by

evidence that would be admissible at trial. Local Civ. R. 56.1.  The party opposing summary judgment must specifically controvert the moving party's statement of material facts, or the moving party's facts will be deemed admitted for purposes of the motion. Local Civ. R. 56.1(c); *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible.").  However, "uncontested fact[s] cannot be deemed true simply by virtue of their assertion in a Local Rule 56.1 statement;" the Court is free to disregard the assertion in the absence of citations or where the cited materials do not support the factual assertions in the statements. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (*abrogated in part on other grounds*, *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009)). Furthermore, the Court is "not required to consider what the parties fail to point out." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (internal citations and quotations omitted).

## III. DISCUSSION

Plaintiff alleges that Defendant "retaliat[ed] against [him] by not selecting him for the position he applied for, only because of his reasonable and good faith complaints of discrimination against his former employer[.]" (Docket No. 27 at 8).  The Court construes Plaintiff's Amended Complaint as seeking relief for retaliation under Title VII due to his past employment discrimination lawsuits.[5] *See Ahmad v. White Plains City Sch. Dist.*, No. 18-CV-

---

[5] Plaintiff argues that he is entitled to special solicitude because he is proceeding *pro se*. (Docket No. 48 at 9).  It is well established that a *pro se* litigant's filings are entitled to "special solicitude," and must be interpreted "to raise the strongest arguments that they suggest." *Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 23-466, 2024 WL 3289475, at *1 (2d Cir. July 3, 2024) (internal quotations and citations omitted).  The "degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented." *Shomo v. Dep't of Corr. & Cmty. Supervision*, 21-CV-00128 (PMH), 2022 WL 1406726, at *4 (S.D.N.Y. May 4, 2022) (internal citations and quotations omitted) (declining to grant plaintiff special solicitude where plaintiff filed at least ten other lawsuits); *but cf. Sledge v Kooi*, 564 F.3d 105, 109 (2d Cir. 2009) (finding that the level of solicitude should match the level of experience where plaintiff had filed at least twelve other actions).

3416 (KMK), 2020 WL 5720753, at *7 (S.D.N.Y. Sept. 24, 2020) (construing a complaint as alleging retaliation for prior discrimination claims).  Defendant argues that Plaintiff's Title VII claim fails as a matter of law because Plaintiff has not demonstrated that the VA's failure to hire him was based on retaliatory intent. (*See* Docket No. 40 at 6).  The Court agrees.

Title VII forbids discrimination against an employee "because he has opposed any practice made an unlawful employment practice . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under the auspices of the statute. 42 U.S.C. § 2000e-3(a).  Retaliation claims under Title VII are analyzed under the same burden-shifting framework as discrimination claims. *See Sumner v. U.S. Postal Serv.*, 899 F.2d 203, 208-09 (2d Cir. 1990).  To make out a *prima facie* case of retaliation under Title VII, a plaintiff must show that "he engaged in protected participation or opposition under Title VII, that the employer was aware of this activity, that the employer took adverse action against the plaintiff, and that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action." *Id*.  Proof of causation, the final element of a *prima facie* retaliation claim, "can be shown either '(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant.'" *Littlejohn v. City of New York*, 795 F.3d

---

Plaintiff has participated in approximately sixteen litigations. (*See generally* Docket No. 54).  However, Plaintiff's level of experience with summary judgment is unclear.  Thus, the Court will grant Plaintiff some solicitude, but Plaintiff must still satisfy "his duty to meet the requirements necessary to defeat a motion for summary judgment." *Oliveras v. Wilkins*, No. 06 Civ. 3578 (DAB)(MHD), 2012 WL 3245494, at *7 (S.D.N.Y. June 26, 2012), *report and recommendation adopted*, 2012 WL 3245493 (S.D.N.Y. Aug. 3, 2012) (internal quotations and citations omitted).

297, 319 (2d Cir. 2015) (quoting *Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000)).

Once the plaintiff puts forth a *prima facie case*, the burden shifts to the defendant to articulate a non-retaliatory reason for the adverse employment action. *See Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59, 70 (2d Cir. 2015). "If the defendant provides such an explanation, the presumption of retaliation dissipates, . . . and the plaintiff must prove that the desire to retaliate was the but-for cause of the challenged employment action." *Id.* (internal citations and quotation marks omitted).

### A.  *Prima Facie* Case of Retaliation

Plaintiff has not established a *prima facie* case of retaliation because he has not shown that there was a causal connection between the protected activity and his non-selection.  Plaintiff has satisfied the first three elements of a *prima facie* case of retaliation.  First, Plaintiff engaged in protected activity by previously filing employment discrimination lawsuits. (Docket No. 48 at 6; *see also* Pl. 56.1 Resp. ¶¶ 9-10).  Second, Defendant does not contest the second element – that the VA was aware of the protected activity – "because there were filings from Plaintiff's prior discrimination cases in his VA file." (Docket No. 40 at 14, n.3).  Third, it is undisputed that Plaintiff suffered an adverse employment action. (Docket No. 40 at 13; Docket No. 48 at 11). Indeed, the decision not to hire Plaintiff constitutes an adverse employment action. *See Singh v. Excel Sec. Corp.*, 14 Civ. 10111 (PAC), 2021 WL 1199469, at *8 (S.D.N.Y. Mar. 30, 2021), *aff'd sub nom. Singh v. RXR 620 Master Lease, LLC*, 2022 WL 2187206 (2d Cir. June 17, 2022).

However, Plaintiff fails to establish the fourth element – causation.  To establish causation, Plaintiff must demonstrate that the adverse employment action "would not have occurred but for the protected conduct." *Murphy v. Stonybrook Univ. Hosp.*, 20-cv-1298 (SIL),

2022 WL 20527322, at *6 (E.D.N.Y. Sep. 13, 2022). "Accordingly, retaliation must be a 'but-for' cause of the adverse action, not merely a 'substantial' or 'motivating' factor in the employer's decision." *Singh*, 2021 WL 1199469, at *8 (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 348 (2013)). Plaintiff has not established that his protected activity – the filing of employment discrimination lawsuits – was the but-for cause of his non-selection. Instead, Plaintiff simply cites to his unencumbered license and qualifications to prove causation. (Docket No. 48 at 11, 14; Docket No. 51 at 10). Plaintiff's only evidence to support his claim is his deposition testimony and own sworn statement that Dr. Benninger told him that Dr. Malina had two concerns – his malpractice history and his prior discrimination lawsuits against his former employers. (Docket No. 42-1 at 16; Docket No. 51 at 9). Aside from these general statements, Plaintiff offers no admissible evidence that his prior discrimination lawsuits were the reason for his non-selection. Plaintiff's self-serving statements alone are not sufficient to show that there is a causal connection between Plaintiff's protected activity and the adverse action. *See Risco v. McHugh*, 868 F. Supp. 2d 75, 99 (S.D.N.Y. 2012) ("A plaintiff's self-serving statement, without direct or circumstantial evidence to support the charge, is . . . insufficient [to defeat summary judgment]."); *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999) ("Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment.").

Moreover, Plaintiff's September 2012 letter to Dr. Malina supports Defendant's assertion that the reason Dr. Malina did not hire Plaintiff was his malpractice history. In this letter, Plaintiff specifically mentions that he understood the only concern about his application was "the malpractice cases." (Docket No. 42-7 at 1). Plaintiff does not mention his prior discrimination lawsuits in this letter. (*See id.*). Plaintiff argues that he did not mention them because

"[a]ccusing a prospective employer of retaliation during the hiring process would seal the applicant's prospect of getting a job." (Docket No. 48 at 16). This argument falls flat. The purpose of the letter was to address Dr. Malina's concerns so she would reconsider her decision not to hire him, but Plaintiff only addressed his malpractice history. This indicates that Plaintiff thought Dr. Malina's decision not to hire him was based only on his malpractice history.

Furthermore, Plaintiff cannot establish causation simply by asserting that Dr. Benninger knew about Plaintiff's past lawsuits. "A plaintiff 'cannot rely on general corporate knowledge alone to satisfy the . . . 'causal connection' prong' of his retaliation claim." *Fox v. Starbucks Corp.*, 19-CV-4650 (AJN), 2021 WL 4155029, at *6 (S.D.N.Y. Sep. 13, 2021) (quoting *Ehrbar v. Forest Hills Hosp.*, 131 F. Supp. 3d 5, 34 (E.D.N.Y. 2015)). "Rather, a plaintiff generally must show that the particular decision maker who took adverse action against the plaintiff had knowledge of the plaintiff's protected activity." *Id.* Dr. Malina testified that she did not know about Plaintiff's prior history of discrimination lawsuits when she evaluated his application. (Docket No. 42-4 at 5:17-21, 6:21-7:8, 12:8-11). Other than his self-serving testimony, Plaintiff has not provided the Court with any admissible evidence showing Dr. Malina was aware of his protected activity. "Plaintiff's own self-serving statements, in [his] affidavits . . . and deposition are simply insufficient to overcome [his] burden of proof to survive summary judgment, as they are all self-serving statements uncorroborated by any additional evidence." *Hawkins v. New York State Off. of Mental Health*, Case No. 17-CV-649 (NSR), 2019 WL 4520801, at *12 (S.D.N.Y. Sept. 19, 2019), *aff'd*, 845 F. App'x 9 (2d Cir. 2021). These statements "fail to point to any supporting evidence and therefore are insufficient to create" an issue of fact as to whether Defendant "knew of plaintiff's past EEO activities." *Volmar v. Comm'r of Soc. Sec.*, 20-CR-1674 (RPK)(LB), 2023 WL 11797930, at *6 (E.D.N.Y. Sept. 30, 2023). With "no evidence that

[Defendant] knew of the protected activity" and no "causal connection between [Plaintiff's protected activity] and [Defendant's] decision not to hire him . . . Plaintiff cannot make out his *prima facie* case." *Singh*, 2021 WL 1199469, at *8 (finding plaintiff failed to make a *prima facie* case when defendant had not learned of the EEOC complaint until the lawsuit at issue).

Accordingly, Plaintiff has failed to establish the causal connection required to make out a *prima facie* case of retaliation.

**B. Defendant's Non-Retaliatory Reason**

Assuming, *arguendo,* that Plaintiff made out a *prima facie* case of retaliation, the burden shifts to Defendant to produce evidence that Plaintiff was not hired for a legitimate, non-retaliatory reason. *See Casalino*, 2012 WL 1079943, at *10. "This 'burden of showing a legitimate[,] non-[retaliatory] reason for its actions is not a particularly steep hurdle,'" *Terpstra v. Shoprite Supermarket, Inc.*, No. 17-CV-6840 (KMK), 2019 WL 3338267, at *6 (S.D.N.Y. July 25, 2019) (internal citation omitted), and "is 'one of production, not persuasion,'" *Dodd v. City Univ. of New York*, 489 F. Supp. 3d 219, 247 (S.D.N.Y. 2020) (quoting *Reeves*, 530 U.S. at 142).

Here, Defendant has asserted that Plaintiff was not hired because of his "excessive medical malpractice history, including the wrongful death case that settled for $525,000 and resulted in an OPMC investigation." (Docket No. 40 at 15-16). Plaintiff claims that the VA has "never produced a single document which showed any quality concerns about the plaintiff's performance." (Docket No. 48 at 16). This is insufficient to defeat Defendant's claim that his excessive malpractice history was the reason for not hiring him. The VA never raised concerns about his medical license; they expressed concerns about Plaintiff's medical malpractice history. (Docket No. 40 at 15-16; Docket No. 42-9 at 1). Further, the record shows that the VA has consistently maintained that it did not hire Plaintiff due to his malpractice history. (Docket No.

42-4 at 8:23-9:21; Docket No. 42-5 at 5:17-7:6; Docket No. 42-9 at 1). In fact, Dr. Malina cited the OPMC investigation into the malpractice case Plaintiff settled, and his "six [other] malpractice cases," as reasons for his non-selection in her February 22, 2013 letter to Senator Gillibrand. (Docket No. 42-9 at 1). Dr. Malina further noted in the letter that the "other MOD applicants were deemed better suited for the position." (*Id.*). Moreover, the evidence supports this. The four doctors hired for the MOD position that Plaintiff sought had no history of malpractice cases at the time of hire or entry on duty, and "no known investigations open by the New York State Office of Medical Conduct at the time of hire." (Docket No. 42-6 at 2).

Accordingly, the Court finds that Defendant has articulated a legitimate, non-retaliatory reason for not hiring Plaintiff.

## C. Evidence of Pretext

Plaintiff fails to put forth sufficient evidence to demonstrate that the Defendant's proffered reason for not hiring him was pretext for retaliation. Since Defendant has proffered a legitimate, non-retaliatory reason for not hiring Plaintiff, the burden shifts back to Plaintiff to produce "evidence that the defendant's proffered, non-[retaliatory] reason is a mere pretext for actual [retaliation]." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000). To show pretext, "[t]he plaintiff must 'produce not simply 'some' evidence, but 'sufficient evidence to support a rational finding that the legitimate, non-[retaliatory] reasons proffered by the [defendant] were false, and that more likely than not [retaliation] was the real reason for the [employment action].'" *Id.* (internal citations omitted). While Plaintiff cites his experience working independently in other hospitals, his unrestricted license, and the closure of the OPMC investigation as proof that he is qualified, (Docket No. 48 at 20-22), these facts alone do not prove that Defendant's failure to hire him because of his malpractice history was pretextual. The

fact that Plaintiff is a licensed physician does not invalidate Defendant's concerns given his extensive malpractice history. Nor does it suggest that "more likely than not [retaliation] was the real reason for" the decision not to hire Plaintiff. *Weinstock*, 224 F.3d at 42 (internal citations and quotations omitted).

Moreover, Plaintiff has failed to demonstrate that "the desire to retaliate was the but-for cause of the challenged employment action." [6] *Melton v. Poughkeepsie City Sch. Dist.*, 19 CV 9755 (VB), 2022 WL 3156436, at *6 (S.D.N.Y. Aug. 8, 2022), *appeal dismissed*, 2023 WL 5601338 (2d Cir. June 20, 2023) (quoting *Ya-Chen Chen*, 805 F.3d at 70). "A plaintiff may prove that retaliation was the but-for cause of an adverse employment action through 'evidence comprising [his] prima facie case, including temporal proximity, together with other evidence such as inconsistent employer explanations, to defeat summary judgment.'" *Id.* (quoting *Zann Kwan*, 737 F.3d at 847). Plaintiff asserts that because Dr. Malina "feared that had she allowed the Credentialling Committee to act on Plaintiff's application, in all probabilities he would have been approved and such an approval would have defeated her ultimate goal of keeping the Plaintiff, who had filed lawsuit [sic] for discrimination, out of the professional bounds of VA." (Docket No. 48 at 16). However, Plaintiff has presented no evidence in support of this allegation. Nor does he submit any evidence that he would have been hired but-for this alleged retaliation. Drs. Malina and Benninger both testified that they did not hire applicants with comparable medical malpractice histories, (Docket No. 42-4 at 8:23-9:1; Docket No. 42-5 at 7:1-6), and Mary Crowley, a Human Resources Specialist at the VA, affirmed the same in her sworn

---

[6] Defendant correctly points out that "'Title VII retaliation claims' require 'but-for causation'" rather than the "motivating factor" test. (Docket No. 52 at 8 (quoting *Univ. of Tex.*, 570 U.S. at 360)). "However, 'but-for' causation does not require proof that retaliation was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013). Thus, Plaintiff's argument that the retaliatory or discriminatory reason need only be one of the "motivating factors" fails. (Docket No. 48 at 18-19).

affidavit, (Docket No. 42-6 at 2). Plaintiff has provided no admissible evidence to refute this testimony. Moreover, Defendant's consistent position that the malpractice actions were the reason Plaintiff was not hired "only further supports [Defendant's] proffered [non-retaliatory] reason." *Weinstock*, 224 F.3d at 45; *see also Ya-Chen Chen,* 805 F.3d at 71. This consistency undermines Plaintiff's argument that retaliation was the reason for his non-selection. Thus, Plaintiff has failed to "demonstrate that considerations of his [prior discrimination lawsuits] played *any* role, much less a 'but-for' role, in the conduct alleged[.]" *Bob v. Madison Sec. Grp., Inc.,* 14 Civ. 9727 (KPF), 2016 WL 6952259, at *12 (S.D.N.Y. Nov. 28, 2016).

Further, Plaintiff appears to argue that the Defendant failed to follow its polices in making its decision, and argues that proves pretext. (Docket No. 48 at 8-9, 11, 14-16, 18-21). Failing to follow guidelines or the handbook "could be sufficient to demonstrate that Defendant's proffered reasons . . . were pretextual." *Preuss v. Kolmar Lab'ys, Inc.*, 970 F. Supp. 2d 171, 193 (S.D.N.Y. 2013). However, "possible procedural irregularities . . . [are] not enough to suggest" discrimination or retaliation when the failure to follow such procedures "did not affect the final decision" to hire or retain an employee. *Weinstock*, 224 F.3d at 45. "Consequently, [Plaintiff's] attempt to show pretext on the grounds that the [Government's] policies did not justify [the adverse employment action] is insufficient to avoid summary judgment." *Mestecky v. New York City Dep't of Educ.*, 13-CV-4302 (CBA)(VMS), 2018 WL 10509457, at *13 (E.D.N.Y. Mar. 30, 2018), *aff'd,* 791 F. App'x 236 (2d Cir. 2019). Moreover, there is no evidence in the record that the VA violated these policies. Drs. Malina and Benninger exercised their discretion, permitted by the VA's bylaws and the handbook, in evaluating Plaintiff's application and chose not to hire him due to his history of malpractice cases. (Docket No. 51 at 98; Docket No. 42-4 at 8:18-9:1; Docket No. 42-5 at 4:19-6:9).

Finally, Plaintiff's disagreement with the Defendant's decision not to hire him cannot defeat summary judgment. "[D]isagreement with the employer's course of action is not sufficient to show that retaliation was a 'but for' cause." *Alvarado v. Mount Pleasant Cottage Sch. Dist.*, No. 18-cv-00494 (NSR), 2023 WL 2394155, at *13 (S.D.N.Y. Mar. 7, 2023), *appeal withdrawn*, 2023 WL 4307677 (2d Cir. June 30, 2023). Specifically, "[a]n 'employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason.'" *Dunaway v. MPCC Corp.*, No. 12-cv-7609 (NSR), 2015 WL 4429276, at *6 (S.D.N.Y. July 16, 2015), *aff'd*, 669 F. App'x 21 (2d Cir. 2016) (internal citations and quotations omitted) (finding defendants articulated a legitimate reason not to hire plaintiff). As Defendant explains, "Plaintiff's 'factual disagreement with the validity of' Dr. Malina's decision not to hire him given his qualifications does not undercut the evidence that his malpractice history was – correctly or not – determinative for Dr. Malina." (Docket No. 52 at 10) (internal citations omitted). The Court agrees. Plaintiff must do more than disagree with Defendant's reasons, cite to his qualifications, or reference procedures in the VA's handbook. (Docket No. 48 at 19-21). Plaintiff must show that Defendant was motivated by retaliatory animus, and that retaliation was the "but-for" cause of Plaintiff's non-selection. *See Abdallah v. Napolitano*, 909 F. Supp. 2d 196, 211 (W.D.N.Y. 2012). He has not done so here. "[S]ince the VA has posited a nondiscriminatory reason for [Plaintiff's non-selection], and [Plaintiff] has not refuted it with evidence from which a reasonable jury could return a verdict in [his] favor, [h]e cannot avoid summary judgment on this issue." *Sweeney v. Shinseki*, 06 CV 1285 (NG), 2010 WL 11623597, at *11 (E.D.N.Y. Dec. 30, 2010).

In conclusion, Plaintiff has failed to present any evidence demonstrating a causal connection between his prior discrimination lawsuits and his non-selection. Accordingly, Plaintiff's retaliation claim fails as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted. The Clerk of the Court is respectfully requested to terminate the pending motion (Docket No. 39), enter judgment for Defendant, and close the case.

The Clerk of the Court is further directed to mail a copy of this Opinion and Order to the *pro se* Plaintiff.

Dated:   December 26, 2024
         White Plains, New York

                                        **SO ORDERED:**

*Judith C. McCarthy*
_____
JUDITH C. McCARTHY
United States Magistrate Judge